

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2814

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Singh v. Atty Gen USA" (2005). *2005 Decisions.* Paper 424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2814
_____

PARMJEET SINGH,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78-203-366)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 6, 2004

Before: ALITO, MCKEE AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed October 13, 2005)

_____

OPINION
_____

PER CURIAM

Parmjeet Singh, a native and citizen of India, entered the United States in 1999. The following year he sought asylum. The INS subsequently issued a notice to appear, charging Singh with being removable from the United States for having entered in violation of 8 U.S.C. § 1182(a)(6)A)(i). After a hearing the Immigration Judge concluded that Singh "has lied to the court and has fabricated a story based on actual injuries he suffered but that have nothing to do with his alleged political activities." The IJ found that Singh's oral testimony was contradicted not only by his own written testimony but also by the affidavits of witnesses he introduced on his own behalf. Accordingly, the IJ deemed Singh ineligible for relief and ordered him removed as charged.

The Board of Immigration Appeals affirmed without an opinion on February 28, 2003. On March 31, 2003, Singh filed a motion to reopen or for reconsideration, which the BIA denied on June 3, 2003. The BIA declined to reopen the case because the new evidence cited – news articles describing violence in India – did not address the IJ's adverse credibility finding. The BIA declined to reconsider its previous decision because Singh had raised no error. Singh filed a petition for review on June 24, 2003.

## I

Although we have jurisdiction to review the BIA's denial of a motion to reopen, see, e.g., Ezeagwuna v. Ashcroft, 325 F.3d 396, 405, 410 (3d Cir. 2003), the scope of our review here is limited. A motion for reconsideration or to reopen neither affects the

finality of a removal order nor extends the deadline for filing a petition for review of the underlying removal order. Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1032-34 (3d Cir. 1986). Because Singh's petition for review was filed after the time had run to seek review of the BIA's final removal order,[1] we may examine the propriety of the BIA's refusal to reopen Singh's case only and may not address Singh's arguments that the IJ erred in denying his asylum application. Nocon, 789 F.2d at 1032-1033.

## II

Under the regulations, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, we review the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Singh must show that the BIA's decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

In his brief, however, Singh merely argues that he should have been granted asylum. He does not address the BIA's denial of his motion to reopen, let alone explain why the order was arbitrary, irrational or contrary to law. Accordingly, the issue is

---

[1] Thirty days. See 8 U.S.C. § 1252(b)(1).

3

waived.  Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993).  Even if it were not, we

perceive no such flaws in the BIA's decision.  Accordingly, we shall deny Singh's

petition for review.  The appellee's motion to dismiss or for summary action is denied.